UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR HILL, JR.,

    Plaintiff,

v.

ARVINMERITOR, INC. HEALTH
& WELFARE PLAN (a/k/a
ARVINMERITOR, INC. GROUP INSURANCE
PLAN), a self-funded ERISA welfare benefit
plan, and CITIZENS INSURANCE COMPANY
OF AMERICA, a Michigan insurance company,

Defendants,

and

ARVINMERITOR, INC. HEALTH
& WELFARE PLAN (a/k/a
ARVINMERITOR, INC. GROUP INSURANCE
PLAN), a self-funded ERISA welfare benefit
plan,

    Counter-Plaintiff, Cross-Plaintiff

v.

ARTHUR HILL, JR.,

    Counter-Defendant

and

CITIZENS INSURANCE COMPANY
OF AMERICA, a Michigan insurance company,

Defendant, Cross-Defendant.

Case No. 2:11-cv-10704
Honorable David M. Lawson

---

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND
CROSS-CLAIM OF ARVINMERITOR, INC. HEALTH & WELFARE PLAN**

Defendant, ArvinMeritor, Inc. Health and Welfare Plan (the "Plan"), by and through its attorneys, Vercruysse Murray & Calzone, P.C., for its Answer and Affirmative Defenses, states as follows:

## Nature Of Action And Jurisdiction

1. The Plan admits that this is an action to enforce the terms of a welfare benefit plan administered under the Employee Retirement Income Security Act of 1974 (ERISA), and for injunctive and equitable relief, pursuant to 29 U.S.C. § 1132(a)(3) ) in that the Plan seeks to enforce Plan reimbursement and subrogation terms and seeks equitable relief by imposition of an equitable lien and constructive trust upon monies held constructively by the Plaintiff for the benefit of the Plan, limited to an identifiable fund for medical expenses paid by the Plan on behalf of Plan member, Arthur Hill ("Mr. Hill") which in equity and good conscience belong to the Plan.

2. The Plan admits that this Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and under 28 U.S.C. § 1331.

3. The Plan admits that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. §1391(b).

## Parties

4. The Plan lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 4.

5. The Plan admits that it is a self-funded "employee welfare benefit plan" as that term is defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and is administered for the benefit of plan participants and beneficiaries. The Plan admits that the principal office of the Plan Administrator is located in Troy, Oakland County, Michigan.

6. The Plan neither admits nor denies the allegations in Paragraph 6 for the reason that the Plan lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 6.

**Factual Background**

7. Upon information and belief, the Plan admits the allegations of Paragraph 7.

8. The Plan neither admits nor denies the allegations in Paragraph 8 for the reason that the Plan lacks sufficient knowledge or information to form a belief as to the truth thereof, except that, upon information and belief, the Plan admits that Mr. Hill sustained catastrophic injuries arising out of an automobile accident that occurred on July 4, 2009.

9. The Plan admits the allegations of Paragraph 9.

10. The Plan admits that at all material times, Mr. Hill has been and is a participant in the Plan and pursuant to Plan terms, Mr. Hill has received health care benefits. The Plan admits that it is administered in compliance with ERISA which statute speaks for itself.

11. Upon information and belief, the Plan admits the allegations of Paragraph 11.

12. The Plan admits the allegation of Paragraph 12.

13. The Plan admits that it provides benefits to Plan members pursuant to the terms of the Plan's Summary Plan Description ("SPD") which is an ERISA-mandated statement of the terms and conditions of providing benefits. At all applicable times, the SPD governing Mr. Hill's Plan contained a provision requiring that the Plan be reimbursed for all accident-related benefits from any Recovery obtained by Mr. Hill, including, without limitation, recoveries obtained by Mr. Hill from no-fault or personal injury protection insurance, uninsured motorist coverage as well as any third-party recovery. (SPD provisions "Health Program – Subrogation and Right of Reimbursement" attached hereto as Exhibit A.)

14. The Plan admits that it has made a demand for reimbursement upon Mr. Hill and Citizens pursuant to Plan terms and applicable law.  The Plan neither admits nor denies the remaining allegations of Paragraph 14 as it is without sufficient knowledge or information to form a belief as to the truth thereof.

15. Upon information and belief, the Plan admits the allegations of paragraph 15.

16. The Plan lacks sufficient knowledge or information to form a belief as to the content or basis of any counterclaim filed by Citizens and the Plan is not a party to any state court action related to the injuries Mr. Hill sustained on July 4, 2009.  The Plan affirmatively states that federal courts have exclusive jurisdiction of actions to enforce plan terms pursuant to 29 U.S.C. § 1132(a)(3) and  U.S.C. § 1132(e)(1).

17. The Plan neither admits nor denies the allegations of Paragraph 17 as it is without sufficient knowledge or information to form a belief as to the truth thereof.

18. The Plan admits that through its reimbursement and subrogation agent, Discovery Health Partners, it has demanded reimbursement from Citizens in an estimated amount of $325,000 which amount was shortly thereafter confirmed to be $376,899.81 pursuant to the reimbursement and subrogation provisions of the Plan SPD.   (Itemization of benefits provided by the Plan attached hereto as Exhibit B).

19. Plaintiff has pleaded a conclusion of law to which no responsive pleading is required.  To the extent that an answer is required, the Plan avers that pursuant to ERISA and Plan terms, the Plan is entitled to be fully reimbursed for the accident-related benefits it has provided.

20. The Plan admits the allegations of Paragraph 20.

**Count I: Injunctive And Equitable Relief Against The ArvinMeritor**

21.     The Plan incorporates by reference its answers to the allegations in Paragraphs 1-20 as its answer herein.

22.     The Plan denies the allegations in paragraph 22 for the reason that they are inaccurate and conclusory.  The Plan affirmatively states that as a covered member of the Plan, Mr. Hill is subject to the terms, conditions and limitations upon payment of benefits, including the Plan's subrogation and reimbursement rights as set forth the in the SPD.  Ex. A.  Because Mr. Hill was, at all relevant times, a Plan member, the Plan  paid his medical expenses related to his July 4, 2009 injuries, presently in the amount of $376,899.81.  Ex. B.  Specifically, the Plan SPD provides that:

> In addition to any subrogation rights and in consideration of the coverage provided by this Summary Plan Description, we shall also have an independent right to be reimbursed by you for the reasonable value of any services and benefits we provide to you, from any or all of the following:
>
> \*     \*     \*     \*     \*
>
> Any person or entity who is or may be obligated to provide benefits or payments to you, including benefits or payments for underinsured or uninsured motorist protection, no-fault or traditional auto insurance, medical payment coverage (auto, homeowners or otherwise), workers' compensation coverage, other insurance carriers or third party administrators.
>
> \*     \*     \*     \*     \*
>
> That regardless of whether you have been fully compensated or made whole, we may collect from you the proceeds of any full or partial recovery that you or your legal representative obtain, whether in the form of a settlement (either before or after any determination of liability) or judgment, with such proceeds available for collection to include any and all amounts earmarked as non-economic damage settlement or judgment.

Ex. A

The Plan is entitled to equitable relief by the imposition of an equitable lien and constructive trust upon monies held constructively by the Plaintiff for the benefit of the Plan, limited to an

identifiable fund for medical expenses paid by the Plan on behalf of Mr. Hill which in equity and good conscience belong to the Plan.

23. The Plaintiff has pleaded a conclusion of law to which no response is required. To the extent that the Court deems an answer is required, the Plan denies that it would be inequitable for the Plan to enforce its rights of reimbursement and subrogation in this case. The Plan incorporates by reference its answer to Paragraph 22 and states that it is entitled, pursuant to plan terms and law, to be fully reimbursed by Mr. Hill from all proceeds that he has received in settlement or satisfaction of his injury claims. The Plan further asserts that it is required to be fully reimbursed by Citizens, pursuant to plan terms and law.

24. The Plaintiff has pleaded a conclusion of law to which no response is required. To the extent that the Court deems an answer is required, the Plan denies it is improper for the Plan to seek reimbursement for the accident-related benefits that it has provided to Mr. Hill and affirmatively states that the Plan is entitled, pursuant to plan terms and law, to be fully reimbursed by Mr. Hill from all proceeds that he has received in settlement or satisfaction of his injury claims. The Plan further asserts that it is required to be fully reimbursed by Citizens, pursuant to plan terms and law. The Plan admits that it is administered in compliance with ERISA which statute speaks for itself.

25. The Plan denies the allegations of Paragraph 25 and states that the Plan is entitled to equitable relief by the imposition of an equitable lien and constructive trust upon monies held constructively by the Plaintiff for the benefit of the Plan, limited to an identifiable fund for medical expenses paid by the Plan on behalf of Mr. Hill which in equity and good conscience belong to the Plan.

26. The Plan denies the allegations of Paragraph 26.

**WHEREFORE**, Defendant Plan requests that judgment be entered in its favor declaring Plaintiff liable for reimbursement to the Plan, and denying Plaintiff the relief requested as against the Plan in its entirety.

## Count II: Injunctive And Equitable Relief Against Citizens

27. The Plan incorporates by reference its answer to the allegations in Paragraphs 1-26 as its answer herein.

28. The Plan admits the allegations of Paragraph 28.

29. The Plan affirmatively states that the expenses paid by the Plan are subject to reimbursement under the terms of the plan and admits the remaining allegations of Paragraph 29.

30. The Plan admits that the SPD establishes a direct right of reimbursement and subrogation from no-fault and personal injury protection coverages and the Plan's coverage is subordinate to the coverage provided to Mr. Hill by Citizens.

31. The allegations of Paragraph 31 are directed to Citizens. To the extent that the Plan is required to answer, the Plan admits the allegations of Paragraph 31.

32. The Plan admits that it would be appropriate to issue a mandatory injunction against Citizens, compelling it to reimburse the Plan. The Plan denies the remaining allegations of Paragraph 32 and affirmatively states that it is entitled, pursuant to plan terms and law, to be fully reimbursed by Mr. Hill from all proceeds that he has received in settlement or satisfaction of his injury claims. The Plan further asserts that it is required to be fully reimbursed by Citizens, pursuant to plan terms and law.

33. The allegations of Paragraph 33 are directed to Citizens and assert conclusions of law to which no responsive pleading by the Plan is required.

**WHEREFORE**, Defendant Plan requests that judgment be entered in its favor declaring Plaintiff liable for reimbursement to the Plan, and denying Plaintiff the relief requested as against the Plan in its entirety.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim against the Defendant Plan upon which relief can be granted and the Plan is entitled to judgment as a matter of law.

### Second Affirmative Defense

To the extent that any Parties' claims are based on state law, they are preempted by ERISA. 29 U.S.C. § 1144.

### Third Affirmative Defense

Plaintiff's claims and the requested relief are barred by the terms, provisions and conditions of the Plan which are unambiguous and capable of being fully enforced. The Plan vests with the Plan Administrator the discretionary authority to interpret Plan terms as follows:

> [W]e have the sole authority and discretion to resolve all disputes regarding the interpretation of the language stated herein.

Ex. A.

### Fourth Affirmative Defense

The Plan reserves all affirmative defenses, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIM OF DEFENDANT
## ARVINMERITOR, INC. HEALTH & WELFARE PLAN

Defendant/ Counter-Plaintiff, ArvinMeritor, Inc. Health & Plan ("the Plan"), for its Counterclaim against Plaintiff, Arthur Hill, Jr., states as follows:

### Parties

1.  At all material times the Plan is and was an ERISA regulated employee welfare benefit plan, as that term is defined in Section 3(1) of Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(2).

2.  The Plan is entitled to bring actions and claims as an entity under ERISA. 29 U.S.C. § 1132(d)(1).

3.  Upon information and belief, and based upon Paragraph 4 of Plaintiff's Complaint, Plaintiff Arthur Hill, Jr. ("Mr. Hill") is a resident of Shelby Township, Macomb County, State of Michigan.

4.  Upon information and belief, and based upon Paragraph 6 of Plaintiff's Complaint, Defendant Citizens Insurance Company of America ("Citizens") is a Michigan insurance company registered and doing business in the State of Michigan.

### Jurisdiction And Venue

5.  The jurisdiction of this Court is invoked pursuant to, and is based upon, Section 502 of ERISA, 29 U.S.C. § 1132, authorizing the Plan to bring this civil action (a) to enjoin acts and practices which violate terms of the Documents and (b) to obtain other appropriate equitable relief both to redress such violations of terms of the Plan.

6.  Pursuant to 29 U.S.C. § 1132(e)(1), this Court has exclusive jurisdiction over this Counterclaim.

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1131 over this action arising out of the laws of the United States.

8. Venue in this district is based upon Section 502(3)(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that Plaintiff Arthur Hill resides in the district of this Court and because the Plan is administered in this district.

## Factual Allegations

9. At all time material to this action, Mr. Hill was a member and received medical benefits provided by the Plan.

10. As a Plan member, Mr. Hill was and is subject to the terms, conditions and limitations upon payment of benefits, including the Plan's subrogation and reimbursement rights as stated in the Plan's Summary Plan Description ("SPD") which is an ERISA-mandated statement of the terms and conditions of providing benefits. At all applicable times, the SPD governing Mr. Hill's Plan contained a provision requiring that the Plan be reimbursed for all accident-related benefits from any Recovery obtained by Mr. Hill, including, without limitation, recoveries obtained by Mr. Hill from no-fault or personal injury protection insurance, uninsured motorist coverage as well as any third-party recovery. (SPD provisions "Health Program – Subrogation and Right of Reimbursement" attached hereto as Exhibit A.)

11. Mr. Hill was injured in an automobile accident that occurred on July 4, 2009. To date, the Plan has paid $376,899.81 in medical benefits on behalf of Mr. Hill in connection with his accident-related injuries. (Itemization of benefits provided by the Plan attached hereto as Exhibit B).

12. The Plan SPD contains subrogation and reimbursement provisions which confer upon the Plan the unqualified right to be fully reimbursed from all recoveries obtained by or on

10

behalf of Mr. Hill, including payments from third party settlements, uninsured/underinsured motorist coverage, no-fault coverage and personal injury protection coverage, regardless of the characterization of those recovery proceeds as compensation for pain and suffering or non-economic damages.   Specifically, the Plan SPD provides that:

> In addition to any subrogation rights and in consideration of the coverage provided by this Summary Plan Description, we shall also have an independent right to be reimbursed by you for the reasonable value of any services and benefits we provide to you, from any or all of the following:
>
> \*          \*          \*          \*          \*
>
> Any person or entity who is or may be obligated to provide benefits or payments to you, including benefits or payments for underinsured or uninsured motorist protection, no-fault or traditional auto insurance, medical payment coverage (auto, homeowners or otherwise), workers' compensation coverage, other insurance carriers or third party administrators.
>
> \*          \*          \*          \*          \*
>
> That regardless of whether you have been fully compensated or made whole, we may collect from you the proceeds of any full or partial recovery that you or your legal representative obtain, whether in the form of a settlement (either before or after any determination of liability) or judgment, with such proceeds available for collection to include any and all amounts earmarked as non-economic damage settlement or judgment.
>
> \*          \*          \*          \*          \*
>
> That benefits paid by us may also be considered to be benefits advanced.
>
> \*          \*          \*          \*          \*
>
> That our rights will be considered as the first priority claim against third parties, including tortfeasors for whom you are seeking recovery, to be paid before any other of our claims are paid.

Ex. A

13.     Upon information and belief, Mr. Hill has settled his accident claims for $500,000.00 which funds are currently being held in Mr. Hill's attorney's Client Trust Account.

14.     Mr. Hill is a constructive trustee over funds belonging to the Plan.  The Plan SPD provides:

11

> That you agree that if you receive any payment from any potentially responsible party as a result of an injury or illness, whether by settlement (either before or after any determination of liability), or judgment, you will serve as a constructive trustee over the funds, and failure to hold such funds in trust will be deemed as a breach of your duties hereunder.

Ex. A.

15. Mr. Hill refuses to reimburse the Plan for accident-related benefits provide by the Plan as he is required to do pursuant to terms of the Plan SPD.

## COUNT I

### Claim For Declaratory And Equitable Relief

16. Counter-Plaintiff, the Plan, hereby incorporates the allegations of Paragraphs 1 through 15 as if fully stated herein.

17. Pursuant to 28 U.S.C. § 1132(a)(3), the Plan is entitled to equitable relief, including but not limited to, restitution, imposition of a constructive trust, an equitable lien and declaration of rights against the Counter-Defendant to enforce the reimbursement provisions of the Plan SPD as to monies held constructively by the Counter-Defendant, Mr. Hill, for the benefit of Plan, which in equity and good conscience belong to the Plan.

18. By virtue of the aforementioned rights of reimbursement and subrogation, the Plan is entitled to reimbursement and restitution to the extent of medical benefits provided on behalf of Mr. Hill from the recovery that he has obtained.

19. Because the Plan's SPD grants the Plan subrogation and reimbursement rights and vests with the Plan the unequivocal right to priority and full reimbursement from any proceeds Mr. Hill receives related to his July 4, 2009 injuries, the Plan has an equitable lien in the amount of $376,899.81 for injury-related payments made by the Plan.

20. The Plan is entitled to the imposition of a constructive trust for the Plan's benefit upon the recovery that has paid to Counter-Defendant, Mr. Hill to the extent of medical benefits provided on behalf of Mr. Hill from the recovery that he has obtained.

21. Counter-Defendant is possession of assets belonging to the Plan, and for which an equitable lien is asserted in the identifiable amount of $376,899.81 against property held in Hill's attorney's Client Trust Account. The Defendant are required to hold said assets in constructive trust for the benefit of the Plan and not dispose of the assets until the equitable lien of the Plan upon those assets is satisfied and reimbursement is made to the Plan.

**WHEREFORE**, The Plan requests that this Court order that the Plan has an equitable lien and is entitled to be fully reimbursed to the extent of injury-related medical benefits provided to Mr. Hill from all proceeds that he has received in payment of his injury claims, and award the Plan reasonable attorney fees and costs incurred in enforcing the Plan's rights in this action.

## COUNT II

### Declaratory Judgment As To Reimbursement For Continuing Plan Payments

22. The Plan incorporates by reference Paragraphs 1 through 21 of its Counterclaim as if fully restated herein.

23. To the extent the Plan continues to provide medical benefits to Mr. Hill up until the time that judgment is entered, the Plan is entitled to a declaration that Plaintiff is obligated to reimburse the Plan from the settlement proceeds for any additional amounts paid by the Plan on behalf of Mr. Hill.

**WHEREFORE**, The Plan requests that this Court enter an order that the Plan is entitled to be fully reimbursed to the extent of continuing injury-related medical benefits provided to Mr.

Hill from all proceeds that he has received in payment of his injury claims, and award the Plan reasonable attorney fees and costs incurred in enforcing the Plan's rights in this action.

## CROSS-CLAIM OF CROSS-PLAINTIFF
## ARVINMERITOR, INC. HEALTH & WELFARE PLAN

Defendant/ Cross-Plaintiff, ArvinMeritor, Inc. Health & Plan ("the Plan"), for its Cross-claim against Defendant Citizens Insurance Company of America ("Citizens"), states as follows:

### PARTIES

1. At all material times the Plan is and was an ERISA regulated employee welfare benefit plan, as that term is defined in Section 3(1) of Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(2).

2. The Plan is entitled to bring actions and claims as an entity under ERISA. 29 U.S.C. §1132(d)(1).

3. Upon information and belief, and based upon Paragraph 4 of Plaintiff's Complaint, Plaintiff Arthur Hill, Jr. ("Mr. Hill") is a resident of Shelby Township, Macomb County, State of Michigan.

4. Upon information and belief, and based upon Paragraph 6 of Plaintiff's Complaint, Defendant Citizens Insurance Company of America ("Citizens") is a Michigan insurance company registered and doing business in the State of Michigan.

### JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to, and is based upon, Section 502 of ERISA, 29 U.S.C. § 1132, authorizing the Plan to bring this civil action (a) to enjoin acts and practices which violate terms of the Documents and (b) to obtain other appropriate equitable relief both to redress such violations of terms of the Plan.

6.   Pursuant to 29 U.S.C. §1132(e)(1), this Court has exclusive jurisdiction over this Counterclaim.

7.   This Court has original jurisdiction pursuant to 28 U.S.C. §1131 over this action arising out of the laws of the United States.

8.   Venue in this district is based upon Section 502(3)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that Plaintiff Arthur Hill resides in the district of this Court and because the Plan is administered in this district.

## FACTUAL ALLEGATIONS

9.   At all time material to this action, Mr. Hill was a member and received medical benefits provided by the Plan.

10.   As a Plan member, Mr. Hill was and is subject to Plan terms, conditions and limitations upon payment of benefits, including the Plan's subrogation and reimbursement rights as stated in the Plan's Summary Plan Description ("SPD"). At all applicable times, the SPD governing Mr. Hill's Plan contained a provision requiring that the Plan be reimbursed for all accident-related benefits from any Recovery obtained by Mr. Hill, including, without limitation, recoveries obtained by Mr. Hill from no-fault or personal injury protection insurance, uninsured motorist coverage as well as any third-party recovery. (SPD provisions "Health Program – Subrogation and Right of Reimbursement" attached hereto as Exhibit A.)

11.   Mr. Hill was injured in an automobile accident that occurred on July 4, 2009. To date, the Plan has paid $376,899.81 in medical benefits on behalf of Mr. Hill in connection with his accident-related injuries. (Itemization of benefits provided by the Plan attached hereto as Exhibit B).

      12.      On July 4, 2009, Mr. Hill was insured under policy of no-fault coverage by Citizens.   Citizens has refused to pay accident-related medical expenses incurred by Mr. Hill.

      13.      The Plan SPD contains subrogation and reimbursement provisions which confer upon the Plan the unqualified right to seek reimbursement from any party responsible for payment of accident expenses as follows:

> Immediately upon paying or providing any benefit, we shall be subrogated to and shall succeed to all rights of recovery, under any legal theory of any type, for the reasonable value of any services and benefits we provided to you, from any or all of those listed below.
>
>           *      *      *      *      *
>
> Any person or entity who is or may be obligated to provide benefits or payments to you, including benefits or payments for underinsured or uninsured motorist protection, no-fault or traditional auto insurance, medical payment coverage (auto, homeowners or otherwise), workers' compensation coverage, other insurance carriers or third party administrators.
>
> Any person or entity who is liable for payment to you on any equitable or legal liability theory.
>
>           *      *      *      *      *
>
> That benefits paid by us may also be considered to be benefits advanced.

Ex. A.

      14.      In addition to the foregoing Plan terms set forth in Paragraph 13, the Plan SPD states:

> **Non-Duplication of Benefits**
>
> This Non-Duplication of Benefits provision may limit the Medical Services benefits paid by the Health Program if you or your Dependents have health coverage under more than one health plan. Benefits under the following types of health plan coverage will be coordinated with the Health Program's Medical Services:
>
> - Group policies or plans, whether insured or self-insured. This does not include school accident-type coverage.
> - Group coverage through HMOs and other prepayment, group practice plans.

16

- Group-type plans obtained and maintained because of membership in or connection with a particular organization or group.
- Group or tax-supported programs. This does not include Medicaid.
- Medical coverage required under state no-fault motor vehicle laws.

\* \* \* \* \*

<u>Right of Recovery</u>

If the Health Program pays a Medical Services benefit that is more than should have been paid, the Health Program may recover the excess from one or more of:

– The persons it has paid or for whom it has paid;
– Insurance companies; or
– Other organizations

(SPD provisions "Non-Duplication of Benefits" attached hereto as Exhibit C.)

15. The Plan SPD provides that no-fault coverage, such as that available under Mr. Hill's policy with Citizens, is primary to coverage provided by the Plan.

16. Citizens refuses to reimburse the Plan for payments made by the Plan and for which Citizens is primarily liable.

## COUNT I
## Claim For Declaratory And Equitable Relief As To Citizens

17. Cross-Plaintiff, the Plan, hereby incorporates the allegations of Paragraphs 1 through 16 as if fully stated herein.

18. Pursuant to 28 U.S.C. § 1132(a)(3), the Plan seeks equitable relief, including but not limited to, restitution, an equitable lien and a declaration of rights against Citizens to enforce ERISA and the terms of the Plan.

19. By virtue of the aforementioned rights of reimbursement and subrogation, the Plan SPD evidences a clear and unambiguous intent that no-fault coverage is primary to coverage provided by the Plan and the Plan is entitled to be reimbursed by Citizens to the extent of medical benefits provided on behalf of Mr. Hill related to the July 4, 2009 accident.

20. By refusing to acknowledge and honor the Plan's rights and reimburse the Plan to the extent of benefits paid on behalf of Mr. Hill, Citizens has violated the terms of the Plan.

21. To redress Citizens' violations of the Plan's rights, an order declaring that the Plan's coverage in this instance is subordinate to that provided to Mr. Hill by Citizens and an order of restitution enforcing the terms of the Plan by requiring Counter-Defendant to pay $376,899.81 to the Plan is appropriate.

**WHEREFORE,** Cross-Plaintiff, the Plan, requests that this Court enter an order of judgment against Citizens in this action in an amount equal to the amount of accident-related benefits provided by the Plan on Mr. Hill's behalf, plus interest, together with an award of reasonable attorney fees pursuant to 29 U.S.C. § 1132(g).

## COUNT II

### Declaratory Judgment As To Reimbursement From Citizens For Continuing and Future Plan Payments

22. The Plan incorporates by reference Paragraphs 1 through 21 of its Cross-claim as if fully restated herein.

23. Citizens, as the primary insurer in this case, is required to pay, on a primary basis, future medical expenses incurred by Mr. Hill related to the July 4, 2009 accident.

**WHEREFORE**, The Plan requests that this Court enter an order requiring that Citizens be required to pay, on a primary basis, all ongoing and future medical expenses incurred by Mr. Hill related to the July 4, 2009 accident, and award the Plan reasonable attorney fees and costs incurred in enforcing the Plan's rights in this action.

                                              Respectfully submitted,

                                         VERCRUYSSE MURRAY & CALZONE, P.C

                                         By:    s/Daniel J. Bernard
                                                    Daniel J. Bernard  (P34225)
                                         31780 Telegraph Road, Suite 200
                                         Bingham Farms, MI  48025
                                         Telephone:  248-540-8019
                                         Fax:  248-540-8059 Fax
                                         dbernard@vmclaw.com

Dated: March 18, 2011                       Attorneys for ArvinMeritor, Inc.
                                                   Health & Welfare Plan

## **Proof of Service**

       The undersigned hereby certifies that on March 18, 2011, he filed the foregoing document and Exhibits A-C with the Court using the Court's ECF system, which sends notice to all counsel of record, and also caused the same to be served on Defendant/Cross-Defendant Citizens Insurance Company by personal service upon:

       The Corporation Co.
       Registered Agent for Citizens Insurance Co. of America
       30600 Telegraph Road, Suite 2345
       Bingham Farms, MI 48025

                                           VERCRUYSSE MURRAY & CALZONE, P.C

                                         By:    s/Daniel J. Bernard
                                                    Daniel J. Bernard  (P34225)
                                         31780 Telegraph Road, Suite 200
                                         Bingham Farms, MI  48025
                                         Telephone:  248-540-8019
                                         Fax:  248-540-8059 Fax
                                         dbernard@vmclaw.com

Dated: March 18, 2011                       Attorneys for ArvinMeritor, Inc.
                                                   Health & Welfare Plan